# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-4083

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　 *
　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　v.　　　　　　　　　　　 *　　District Court for the
　　　　　　　　　　　　　　　　*　　Western District of Missouri.
Robert Ray Courtney,　　　　　 *
　　　　　　　　　　　　　　　　*　　　　　[PUBLISHED]
　　　　　　　Appellant.　　　　*


_____

Submitted: September 9, 2003
Filed: April 5, 2004
Vacated: January 24, 2005
Reinstated: June 20, 2005

_____

Before LOKEN, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

_____

PER CURIAM.

Robert Ray Courtney pleaded guilty to eight counts of product tampering causing serious bodily injury and twelve counts of adulterating or misbranding drugs. The district court[1] sentenced him to thirty years in prison, which was a three-level upward departure from his Guidelines imprisonment range. Courtney appealed the

_____

[1] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

extent of the upward departure. After reviewing the reasonableness of the extent of the upward departure and concluding that it was reasonable, we affirmed Courtney's sentence. United States v. Courtney, 362 F.3d 497 (8th Cir. 2004).

Courtney petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court granted his petition, vacated our judgment, and remanded the case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Courtney v. United States, 125 S. Ct. 989 (2005).

On remand, Courtney does not raise a Sixth Amendment challenge to his sentence, nor does he challenge the constitutionality of the mandatory Guidelines under which he was sentenced. He argues only that we should review his sentence for reasonableness under Booker. Given the nature of his argument, we conclude that Courtney's case is unaffected by Booker because (1) our standard of review has not changed and (2) the factual record has not changed.

First, we have held that the pre-Booker standard of review for a sentence that resulted from a permissible departure is the same as the post-Booker standard of review for all sentences: "whether the sentence imposed by the district court is unreasonable, having regard for the factors to be considered in imposing a sentence, as set forth in 18 U.S.C. § 3553(a); and the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of 18 U.S.C. § 3553(c)." United States v. Dalton, 404 F.3d 1029, 1032 (8th Cir. 2005) (citing Booker, 125 S. Ct. at 765 (internal marks omitted)).

Second, as Courtney concedes, we are limited to the record from his original appeal. (Appellant's Supp. Br. at 6.) Courtney notes certain mitigating factors that he argues fall within § 3553(a): his assistance in creating a substantial restitution pool, his family and community ties and contributions, his surrender of his professional licenses, his cooperation with the government in three criminal cases and

one civil case, his lack of criminal history, his sincere remorse, and his adjustment to his conditions of confinement. (Appellant's Supp. Br. at 8, Appellant's Supp. Reply Br. at 13-14.) These facts were brought to the district court's attention in the context of Courtney's motion for a downward departure, which the district court denied when it granted the government's motion for an upward departure. (R. Doc. 119 at 29-33, R. Doc. 128 at 1-6.) These facts were before us in the record in his original appeal.

Thus, given the narrow argument that Courtney makes on remand, we conclude that <u>Booker</u> did not change anything about this case factually or legally.[2] The reasonableness inquiry that Courtney would have us undertake here would be an empty exercise because it is identical to the inquiry that we already conclusively resolved against him in the original appeal: we would look to the same factual record, we would apply the same standard of review, and we would review his sentence for reasonableness and conclude that it was reasonable. <u>Courtney</u>, 362 F.3d at 500-04.

Accordingly, we reinstate our prior opinion and judgment affirming the judgment of the district court. <u>See</u> <u>United States v. Mohr</u>, 407 F.3d 898, 899 (8th Cir. 2005) (upon remand by the Supreme Court for further consideration in light of <u>Booker</u>, reinstating and refiling the panel's earlier opinion after concluding that the case was unaffected by <u>Booker</u>).

_____

---

[2] In light of this disposition, we need not address the government's arguments regarding the partial appeal waiver in Courtney's plea agreement and Courtney's failure to preserve a <u>Booker</u>-type claim before the district court or this court.